Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6510 | **DATE** | 2/27/2003 |
| **CASE TITLE** | | CAROLYN MCCOLLOUGH vs. PAUL H. O'NEILL | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's bill of costs is gra in part and denied in part. Defendant is awarded a total of $870.51 in costs ($387.00 + 39.01 + $3 + $201.30 + $210.00).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Documen Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 2 8 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 34 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | | |
| LG courtroom deputy's initials | | 03 FEB 27 PM 6:12 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAROLYN MCCOLLOUGH, | ) |
| Plaintiff, | ) |
| | ) Case No. 01 C 6510 |
| v. | ) |
| | ) Honorable John W. Darrah |
| PAUL H. O'NEILL, Secretary, | ) |
| Department of the Treasury, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Carolyn McCollough ("Plaintiff"), sued Defendant, Paul H. O'Neill, ("Defendant"), for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000(e) *et seq.*, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* Summary judgment was granted in favor of Defendant, and judgment was entered in favor of Defendant. Defendant has filed a bill of costs. Plaintiff does not contest the bill of costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to

-1-

overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing party may overcome this presumption by a showing of indigence. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigence, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, No. 97 C 8845, 2001 WL 62573 (N.D. Ill. Jan. 25, 2001); *Falcon v. City of Chicago*, No. 98 C 4028, 2000 WL 1231403 (N.D. Ill. Aug. 28, 2000). Costs may also be denied if the prevailing party engaged in misconduct that is worthy of a penalty. *Weeks*, 126 F.3d at 945.

Defendant seeks a total of $954.70 for the costs of transcripts of depositions of Plaintiff, Robert Reff, Robert Brazzil, Robert Buggs, Elayne Goldstein, Olga Rhodes, and Henry Lamar.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party.

Defendant seeks $387.00 for an 129-page original transcript of Plaintiff's deposition at a rate of $3.00 per page, which is within the rate prescribed by the Judicial Conference. Therefore, this cost will be allowed.

Defendant seeks $47.00 and $40.00 for copies of transcripts of depositions of Robert Brazzil and Robert Buggs, respectively, at a rate of $1.00 per page. The Judicial Conference has established the rate of $0.83 per page for the first copy of a transcript. Therefore, the Court will allow $39.01

(47 pages at $0.83 per page) and $33.20 (40 pages at $0.83 per page) for transcripts of Brazzil's and Buggs' depositions, respectively.

Defendant also seeks $148.25 for a copy of a transcript of the deposition of Henry Lamar. Since Defendant does not explain how many pages of transcripts were necessary or at what rate, such fees will not be allowed. Accordingly, the Court will disallow the deposition transcript costs of $148.25.

Defendant also seeks $169.65 for a 61-page transcript of the deposition of Olga Rhodes. Since Defendant does not explain whether it is an original or copy or at what rate the transcript was made, such fees will not be allowed. The Court will disallow the deposition transcript costs of $169.65. Accordingly, the Court will allow the deposition transcripts at the standard rate of $3.30 per page. The Court awards Defendant $201.30 (61 pages at $3.30 per page) for deposition transcripts.

Defendant also seeks $162.80 for a copy of a transcript of the deposition of Elayne Goldstein, a condensed transcript, and postage and handling. Since Defendant does not explain how many pages of transcripts were necessary or at what rate or why a condensed transcript was necessary, such fees will not be allowed. Accordingly, the Court will disallow the deposition transcript costs of $162.80.

Defendant seeks $79.75 in "fees for exemplification and copies of papers necessarily obtained for use in this case." (Def.'s Bill of Costs at 2.) Defendant does not state what documents were copied, how many copies of each document were made, how many pages were in each document, at what rate the duplication was billed, or to whom the copies were sent.

A party may recover costs of copies provided to the court and opposing counsel; it cannot

recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Based on the information that has been furnished by Defendant, it cannot be determined whether the copies were reasonably necessary for use in the case, how many pages were copied, or whether the cost of the copies were reasonable. Therefore, $79.75 in duplicating costs will be disallowed.

Defendant seeks $210.00 in court reporter attendance fees. Based on the invoices, the court reporter charged $30.00 per hour ($120.00/4 hours) at Plaintiff's deposition and $60.00 per hour ($90.00/1.5 hours) at the deposition of Dr. Robert A. Reff. These fees are uncontested by Plaintiff, and the Court finds these rates to be reasonable. Therefore, Defendant will be awarded $210.00 for court reporting fees.

For the reasons stated above, Defendant's Bill of Costs is granted in part and denied in part. Defendant is awarded a total of $870.51 in costs ($387.00 + $39.01 + $33.20 + $201.30 + $210.00).

Dated: February 27, 2003

JOHN W. DARRAH
United States District Judge